# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXA BROWN,

    Plaintiff,

    v.

JAMES CADDEN, Conference Officer, Lackawanna County Court of Common Pleas (Pa.), in his Individual Capacity Only,

    Defendant.

CIVIL ACTION NO. 3:CV–13-2201

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is the Motion to Dismiss Plaintiff Alexa Brown's ("Mrs. Brown") Complaint (Doc. 4) filed by Defendant James Cadden ("Mr. Cadden"). Mr. Cadden argues that Mrs. Brown's single-count Complaint alleging a violation of her due process rights should be dismissed pursuant to the *Rooker-Feldman* doctrine or because he is entitled to quasi-judicial or qualified immunity. Because Mrs. Brown's due process claim is barred by the *Rooker-Feldman* doctrine, the motion to dismiss will be granted.

## **I. Background**

The facts as set forth in the Complaint are as follows:

In 2006, Mrs. Brown filed a complaint in spousal support in the Court of Common Pleas of Lackawanna County, Pennsylvania (the "support action") against her husband Wellington C. Brown ("Mr. Brown"). (*Compl.*, ¶ 8.) Mr. Brown and Mrs. Brown continue to be husband and wife, and they continue to own a business known as Wellington's Pub & Eatery for which financial information had to be obtained in order to make a proper determination of spousal support. (*Id*. at ¶¶ 9-10.) The parties agreed to several continuances of the hearing scheduled on the complaint in the support action because they were working on an audit of the marital business. (*Id*. at ¶ 11.) In February 2013, Mrs.

Brown became aware that an Order in the support action had been putatively electronically signed by Court of Common Pleas Judge Thomas Munley on February 11, 2011. (*Id*. at ¶ 12, Ex. A.) The Order purported to dismiss the complaint for support. (*Id*.) Mrs. Brown nor her attorney ever received a copy of the Order, and they did not become aware of it until early 2013. (*Id*. at ¶ 17.)

Mrs. Brown subsequently filed a petition to vacate the February 11, 2011 Order in the Court of Common Pleas of Lackawanna County. (*Id*. at ¶ 14.) A hearing was held on Mrs. Brown's petition on May 3, 2013. (*Id*. at ¶ 15.) At the hearing, Mr. Cadden, who at all times relevant to this action was employed by the Domestic Relations Section of the Lackawanna County Court of Common Pleas as a conference officer, (*Id*. at ¶ 4), testified that: (1) he generated the Order without discussing it with Judge Munley's chambers; (2) the Order was not manually signed; (3) he generated the Order out of his administrative office and not from Judge Munley's chambers; (4) the Order was generated without any correspondence from the attorneys as to the status of the case; (5) the Order bears no time-stamp reflecting that it was docketed; (6) the parties to the support action were not provided notice that the Order would be issued; (7) no written records were kept to verify whether the Order was sent to the parties; and (8) he took the administrative action to dismiss the case because of notice from the state that the case had been open for an extended period of time. (*Id*. at ¶ 16.)

Mrs. Brown's petition was denied by written opinion dated July 23, 2013. (*Id*. at ¶ 19, Ex. D.) As a result of that ruling, Mrs. Brown was denied spousal support retroactively back to the date of the filing of the complaint in the support action in 2006. (*Id*. at ¶ 20.)

Based on the foregoing, Mrs. Brown commenced this action against Mr. Cadden on August 20, 2013. Mrs. Brown's single-count Complaint asserts a claim against Mr. Cadden for the deprivation of her right to procedural due process in violation of the Fourteenth

Amendment to the United States Constitution. (*Compl.*)

On September 19, 2013, Mr. Cadden filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4.) Mrs. Brown filed a brief in opposition to the motion to dismiss on October 15, 2013. (Doc. 8.) On October 22, 2013, Mr. Cadden filed a reply brief in further support of his motion. (Doc. 9.) The motion to dismiss is now ripe for disposition.

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to

3

relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic"

documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B.     The Motion to Dismiss**

Mr. Cadden asserts that dismissal of the Complaint is justified on three grounds. First, he argues that the due process claim is barred by the *Rooker-Feldman* doctrine. Second, Mr. Cadden asserts that he is entitled to quasi-judicial immunity. Third, he contends that he is entitled to qualified immunity. Because the action will be dismissed pursuant to the *Rooker-Feldman* doctrine, the arguments addressing quasi-judicial and qualified immunities will not be addressed.

Under the *Rooker-Feldman* doctrine, "a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006) (internal citations omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).[1] As a result, a federal court may not consider a claim that would require either determining that the state-court judgment was erroneously entered or reversing the state-court judgment. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (citing *In re Knapper*, 407

---

[1] The *Rooker-Feldman* doctrine originated from two Supreme Court opinions, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

F.3d 573, 581 (3d Cir. 2005)). The doctrine applies not only to decisions of a state's highest court, but to all final decisions of lower state courts. *FOCUS v. Allegheny Cnty. Ct. Com. Pl.*, 75 F.3d 834, 840 (3d Cir. 1996).

In *Exxon Mobil*, the Supreme Court refined the *Rooker-Feldman* doctrine:

> The *Rooker–Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil*, 544 U.S. at 284, 125 S. Ct. 1517. Under the doctrine,

> [A] court is not precluded from exercising subject matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."

*Gage v. Warren Twp. Comm. & Planning Bd. Members*, 463 F. App'x 68, 71 (3d Cir. 2012) (quoting *Exxon Mobil*, 544 U.S. at 293, 125 S. Ct. 1517 (internal quotation marks and brackets removed)).

Analyzing the holding in *Exxon Mobil*, the Third Circuit in *Great Western Mining* concluded that a four-part test must be satisfied for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotations and brackets omitted), *cert. denied*, - - - U.S. - - -, 131 S. Ct. 1798, 179 L. Ed. 2d 655 (2011). The second and fourth prongs are critical in determining whether a federal suit presents an independent, non-barred claim. *Great W. Mining*, 615 F.3d at 166.

With regard to the second prong, a court "can determine whether a plaintiff is

complaining of injuries caused by a state-court judgment by identifying the source of the plaintiff's injury." *Cycle Chem, Inc. v. Jackson*, 465 F. App'x 104, 108 (3d Cir. 2012). For the *Rooker-Feldman* doctrine to apply, "the injury must be caused by the state-court judgment, not the defendant. But 'when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit' is not barred by the *Rooker-Feldman* doctrine, 'even if it asks the federal court to deny a legal conclusion reached by the state court.'" *Id*. at 108-09 (quoting *Great W. Mining*, 615 F.3d at 167). The Third Circuit has also noted that "'a useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings.'" *Id*. at 109 (quoting *Great W. Mining*, 615 F.3d at 167 (citations omitted)).

The fourth *Rooker-Feldman* prong, whether the plaintiff is inviting the district court to review and reject the state court judgments, "is meant to insure that a district court does not overstep its boundaries by reviewing the decision of a state court." *Tilli v. Ford*, No. 2013 5567701, at *4 (E.D. Pa. Oct. 9, 2013) (citing *Great W. Mining*, 615 F.3d at 169). This prong is not necessarily satisfied even when a plaintiff asserts a claim for damages that "'may require review of state court judgements, and even a conclusion that they were erroneous.'" *Id*. (quoting *Great W. Mining*, 615 F.3d at 173). Instead, the *Rooker-Feldman* doctrine bars a claim "to the extent that adjudicating it would mean that (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 948 (3d Cir. 2010) (quoting *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005)).

In opposition to the motion to dismiss based on the *Rooker-Feldman* doctrine, Mrs. Brown argues:

> The "independent claim" that plaintiff presents in the case now before this Court is qualitatively distinct from the issue passed upon by the Lackawanna County Court of Common Pleas. The Lackawanna Court determined only whether there existed a remedy within the context of the Domestic Relations Section of the Court of Common Pleas to reverse the loss

7

> of litigation rights that plaintiff had suffered as a result of defendant's actions in dismissing plaintiff's complaint for spousal support without prior or subsequent notice to plaintiff. Judge Munley of the Lackawanna Court held that there would be no remedy afforded to plaintiff *nunc pro tunc* under state law.
>
> The Lackawanna Court did not determine whether James Cadden had violated plaintiff's constitutional rights, and the Lackawanna Court's ruling does not prohibit plaintiff's maintenance of a suit under Section 1983. *The issue in the present case is whether defendant's actions in issuing an order of dismissal without the authority of a judge and without notifying plaintiff of its issuance- whether before or after the fact- constitute a denial of plaintiff's right to procedural due process.* . . .

(Doc. 8, 6 (emphasis added).)

The emphasized sentence of the above-quoted passage confirms that Mrs. Brown is seeking to have this Court review and reject the February 11, 2011 Order that dismissed the support action. While not so stated by Mrs. Brown, a review of the Complaint demonstrates that the due process claim, at its core, is based on the suggestion that the February 11, 2011 Order is or was void. In particular, Mrs. Brown alleges: (1) the *ex parte* issuance of the February 11, 2011 Order dismissing the support action was without notice to any party, (*Compl.*, ¶ 20); (2) Mr. Cadden issued the Order under Judge Munley's name without judicial authority or jurisdiction, (*id*. at ¶ 21); and (3) Judge Munley's chambers were not consulted by Mr. Cadden prior to the issuance of the February 11, 2011 Order, (*id*. at ¶ 22.). Similarly, Mrs. Brown avers that she was denied her due process right in a property interest, the spousal support claim, because Mr. Cadden issued the February 11, 2011 Order without notice and without judicial authorization. (*Id*. at ¶¶ 24, 26.)

In view of these allegations, all four prongs necessary to apply the *Rooker-Feldman* doctrine are satisfied in this case. First, Mrs. Brown lost in state court. Second, the injury she claims to have suffered, *i.e.*, the loss of her property interest in her claim for spousal support, (*Compl.*, ¶¶ 24, 28), occurred directly as a result of the state-court order dismissing the support action. *See, e.g., Burke v. Superior Ct. of Keene, N.H.*, No. 12-CV-85, 2013 WL 319341, at *3 (E.D.N.C. Jan. 2, 2013) (noting that the court lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine with respect to plaintiff's claim that "the entry of the orders without proper notice to him violated his due process rights and deprived him of income

8

taken from him pursuant to an invalid child support order"). Indeed, it is based on the February 11, 2011 Order that Mrs. Brown seeks to be compensated for the spousal support she is unable to recover, and such an action is properly barred by the *Rooker-Feldman* doctrine. *Cf. Van Tassel v. Lawrence Cnty. Domestic Relations Sections*, 659 F. Supp. 2d 672, 691 (W.D. Pa. 2009) ("To the extent that any of Plaintiff's claims seek relief from injuries caused by the June 23, 2008 Order (or any of the earlier orders) including her rights to procedural and substantive due process, equal protection under the laws and the right to freely access to the courts, and any related retaliation claims, said claims are clearly barred by the *Rooker-Feldman* doctrine."). Third, the state-court judgment was rendered before Mrs. Brown commenced this action. And fourth, the due process claim is predicated on alleged improprieties that occurred during the support action in Lackawanna County, *see, e.g., Krankowski v. O'Neil*, No. 08-CV-1595, 2010 WL 1329033, at *6 (M.D. Pa. Mar. 26, 2010), and in asserting that Mr. Cadden violated her rights, Mrs. Brown is effectively seeking to have the Court reject the state-court judgment and declare that the February 11, 2011 Order is or was void. That is, a ruling that Mrs. Brown's due process rights were violated based on Mr. Cadden's issuance of the February 11, 2011 Order would require a finding that the state-court judgment was erroneously entered. However, when a plaintiff seeks to have a state-court order declared void in a subsequent action in federal court, "such a direct attack is facially barred by *Rooker-Feldman*." *Conklin v. Anthou*, 495 F. App'x 257, 263 n.6 (3d Cir. 2012).

Nevertheless, in opposing the motion to dismiss, Mrs. Brown emphasizes that the Lackawanna County Court of Common Pleas did not decide whether Mr. Cadden violated her constitutional rights. Thus, she concludes that "because this issue has not been ruled upon, the *Rooker-Feldman* doctrine is no bar to suit." (Doc. 8, 6.) Mrs. Brown's argument, however, conflates the *Rooker-Feldman* doctrine with issue preclusion. "[T]he *Rooker-Feldman* inquiry is distinct from the question of whether claim preclusion (res judicata) or issue preclusion (collateral estoppel) defeats the federal suit." *Great W. Mining*, 615 F.3d at 170 (citing *Exxon Mobil*, 544 U.S. at 293, 125 S. Ct. 1517). "While the *Rooker-Feldman*

doctrine pertains to the subject-matter jurisdiction of the federal courts, issue preclusion relates to the question of when a federal court may decline to hear a matter of dispute within its jurisdiction. As to the latter inquiry, issue preclusion bars identical parties to a proceeding from relitigating issues that were adjudicated in the former proceeding." *Bates v. Harvey*, 518 F.3d 1233, 1240 (11th Cir. 2008). Accordingly, Mrs. Brown's issue preclusion arguments do not alter the outcome of the *Rooker-Feldman* analysis.

Thus, for the reasons set forth above, Mrs. Brown's due process claim is barred by the *Rooker-Feldman* doctrine because the claim is based on the allegation that her constitutional rights were violated as a result of the dismissal of the support action. The remedy available for Mrs. Brown to challenge the alleged denial of her due process rights in state court was to utilize the state appellate process, and not to seek review of the state-court judgment in this Court. *See, e.g., Keckeissen v. Pennsylvania*, No. 09-4032, 2010 WL 2891505, at *3 (E.D. Pa. July 20, 2010).

**C.    Leave to Amend**

Mrs. Brown will not be permitted to amend the Complaint. Although the Third Circuit has instructed that a district court must permit a curative amendment if a claim is vulnerable to a 12(b)(6) dismissal, a court need not grant leave to amend if amendment would be inequitable or futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)). Because the Court lacks jurisdiction over the due process claim pursuant to the *Rooker-Feldman* doctrine, amendment of the Complaint would be futile. Therefore, the Complaint will be dismissed with prejudice.

### III. Conclusion

For the above stated reasons, the motion to dismiss filed by Defendant James Cadden will be granted.

An appropriate order follows.

| | |
|---|---|
| November 25, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |